FILED
CLERK, U.S. DISTRICT COURT

MAY 6, 2022

CENTRAL DISTRICT OF CALIFORNIA
BY: ___AF___ DEPUTY

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ROBERT BOMAN,

    Defendant.

Case No. CR 18-759-CJC

ORDER OF DETENTION

I.

On May 6, 2022, Defendant made his initial appearance, by consent to appear by video teleconference, on the indictment in this matter, following the Court's Order re-opening this case. Peter Swarth, a member of the indigent defense panel, who was previously appointed to represent Defendant, was re-appointed to represent the Defendant. Defendant submitted on the recommendation of detention by the Pretrial Services Officer.

☐ On motion of the Government [18 U.S.C. § 3142(f)(1)] in a case allegedly involving a narcotics or controlled substance offense with maximum sentence of ten or more years.

☒ On motion by the Government or on the Court's own motion [18 U.S.C. § 3142(f)(2)] in a case allegedly involving a serious risk that the defendant will flee.

The Court concludes that the Government is not entitled to a rebuttable presumption that no condition or combination of conditions will reasonably assure the defendant's appearance as required and the safety or any person or the community [18 U.S.C. § 3142(e)(2)].

II.

The Court finds that no condition or combination of conditions will reasonably assure: ☒ the appearance of the defendant as required.

☒ the safety of any person or the community.

III.

The Court has considered: (a) the nature and circumstances of the offense(s) charged, including whether the offense is a crime of violence, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device; (b) the weight of evidence against the defendant; (c) the history and characteristics of the defendant; and (d) the nature and seriousness of

the danger to any person or the community. [18 U.S.C. § 3142(g)] The Court also considered all the evidence adduced at the hearing and the arguments of counsel, and the report and recommendation of the U.S. Pretrial Services Agency.

## IV.

The Court bases its conclusions on information included in the pretrial services report and the indictment:

As to risk of non-appearance:

☒ Background information is largely unverified for the time period after Defendant was released from custody in this matter. Defendant now has virtually no family ties to this district, no stable residence and his whereabouts were largely unknown when this case was re-opened resulting in the issuance of an arrest warrant.

☒ Defendant has not provided sufficient third party bail resources to secure his release.

☒ History of outstanding warrants.

☒ Use of aliases and name variations.

As to danger to the community:

☒ allegations in the indictment that is pending include acts of violence and that Defendant is a member of a violent White Supremacist ogranization .

☒ extensive criminal history includes convictions for violent crime, a lengthy juvenile record, and prior parole and probation violations.

☒ history of substance abuse

## V.

IT IS THEREFORE ORDERED that the defendant be detained until trial. The defendant will be committed to the custody of the Attorney General for

confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant will be afforded reasonable opportunity for private consultation with counsel. On order of a Court of the United States or on request of any attorney for the Government, the person in charge of the corrections facility in which defendant is confined will deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding. [18 U.S.C. § 3142(i)]

Dated: May 6, 2022

                                              /s/
                            ALKA SAGAR
            UNITED STATES MAGISTRATE JUDGE