E. MARTIN ESTRADA
United States Attorney
CAMERON L. SCHROEDER
Assistant United States Attorney
Chief, National Security Division
KATHRYNNE N. SEIDEN (Cal. Bar No. 310902)
ANNA P. BOYLAN (Cal. Bar No. 322791)
Assistant United States Attorneys
Terrorism and Export Crimes Section
    1500 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-2450/2170
    Facsimile: (213) 894-0141
    E-mail:   kathrynne.seiden@usdoj.gov
                anna.boylan@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 18-759-JLS-2 |
|---|---|
| Plaintiff, | STIPULATION REGARDING REQUEST FOR (1) RESETTING OF TRIAL DATE; (2) FINDINGS OF EXCLUDABLE TIME PERIODS PURSUANT TO SPEEDY TRIAL ACT; AND (3) RESETTING CONDITIONS OF RELEASE |
| v. | |
| ROBERT BOMAN, | |
| Defendant. | **PROPOSED TRIAL DATE:** February 18, 2025 |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Kathrynne N. Seiden and Anna P. Boylan, and defendant ROBERT BOMAN ("BOMAN"), both individually and by and through his counsel of record, Peter Swarth (collectively, the "parties"), hereby stipulate as follows:

1. The Superseding Indictment in this case was filed on January 4, 2023. (Dkt. 209.) On March 2, 2023, the Court released defendant on a $5,000 appearance bond, secured by an affidavit of

surety and with conditions as set by the Court.  (Dkts. 235, 236.) In January 2024, defendant BOMAN and co-defendant ROBERT RUNDO ("RUNDO"; collectively with defendant BOMAN, the "defendants") moved to dismiss the Superseding Indictment.  On February 21, 2024, the Court granted defendants' motion, dismissed the Superseding Indictment, and exonerated defendant's bond.  (Dkts. 336, 338.)

2.  The government timely appealed the Court's dismissal order, and, on July 16, 2024, the Ninth Circuit reversed the Court's order and remanded for further proceedings.  (Dkts. 421, 425.)  The mandate issued on August 9, 2024.  (Dkt. 429.)  Following remand from the Ninth Circuit, the Speedy Trial Act, 18 U.S.C. § 3161, required that the trial commence on or before October 18, 2024.  See 18 U.S.C. § 3161(d)(2).

3.  The parties estimate that the trial in this matter will last approximately one week.  Defendant BOMAN is the only remaining defendant.

4.  By this stipulation, the parties agree that BOMAN's bond should be reinstated on the same conditions that preceded the Court's February 2024 dismissal, as those conditions are reflected in the order dated March 6, 2023 (Dkt. 236), with the exception of the following modification:

a.  The following condition "Location Monitoring with an ankle monitor: Global Positioning System (GPS)" shall be replaced with the following condition: "Location Monitoring technology at the discretion of the Supervising Agency."

5.  By this stipulation, the parties also move to set the trial date for February 18, 2025, the pretrial conference for February 7, 2025, and a motion schedule for the remaining (non-dispositive)

motions, including any motions in limine, as follows: motions to be filed by January 20, 2025; oppositions to be filed by January 28, 2025; replies to be filed by January 31, 2025; and a hearing for February 7, 2025, or another date that is convenient for the Court's schedule.

6. This is the first request for a continuance since the Ninth Circuit's mandate issued on August 9, 2024.

7. Defendant requests the continuance based upon the following facts, which the parties believe demonstrate good cause to support the appropriate findings under the Speedy Trial Act:

    a. Defendant is charged with violations of 18 U.S.C. §§ 371 (Conspiracy) and 2101 (Rioting). The government has made available to the defense more than 320,000 pages of discovery.

    b. Defense counsel represents that he is presently scheduled to be in various trials and other commitments, as reflected in the attached Appendix A. Accordingly, counsel for defendant BOMAN represents that he will not have the time that he believes is necessary to prepare to try this case on or before February 18, 2025.

    c. In light of the foregoing, counsel represents that additional time is necessary to confer with defendant, conduct and complete an independent investigation of the case, conduct and complete additional legal research including for potential pre-trial motions, review the discovery and potential evidence in the case, and prepare for trial in the event that a pretrial resolution does not occur. Defense counsel represents that failure to grant the continuance would deny him reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

        d.    Defendant believes that failure to grant the continuance will deny him continuity of counsel and adequate representation.

        e.    The government does not object to the continuance.

        f.    The requested continuance is not based on congestion of the Court's calendar, lack of diligent preparation on the part of the attorneys for the government or the defense, or failure on the part of the attorneys for the Government to obtain available witnesses.

    8.    For purposes of computing the date under the Speedy Trial Act by which defendant's trial must commence, the parties agree that the time period of August 9, 2024, to February 18, 2025, inclusive, should be excluded pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i), and (h)(7)(B)(iv) because the delay results from a continuance granted by the Court at defendant's request, without government objection, on the basis of the Court's finding that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendant in a speedy trial; (ii) failure to grant the continuance would be likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice; and (iii) failure to grant the continuance would unreasonably deny defendant continuity of counsel and would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

    9.    Nothing in this stipulation shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods be excluded from the period within which trial must commence.

//

1  Moreover, the same provisions and/or other provisions of the Speedy
2  Trial Act may in the future authorize the exclusion of additional
3  time periods from the period within which trial must commence.
4       IT IS SO STIPULATED.
5  Dated: September 19, 2024         Respectfully submitted,
6                                    E. MARTIN ESTRADA
                                     United States Attorney
7
                                     CAMERON L. SCHROEDER
8                                    Assistant United States Attorney
                                     Chief, National Security Division
9
10                                        */s/ Anna Boylan*
                                     ANNA P. BOYLAN
11                                   KATHRYNNE N. SEIDEN
                                     Assistant United States Attorneys
12
                                     Attorneys for Plaintiff
13                                   UNITED STATES OF AMERICA
14  //
15  //
16  //

I am ROBERT BOMAN's attorney. I have carefully discussed every part of this stipulation and the continuance of the trial date with my client. I have fully informed my client of his Speedy Trial rights. To my knowledge, my client understands those rights and agrees to waive them. I believe that my client's decision to give up the right to be brought to trial earlier than February 18, 2025, is an informed and voluntary one.

*Peter Swarth*                               09/20/2024

PETER SWARTH                                 Date
Attorney for Defendant
ROBERT BOMAN

I have read this stipulation and have carefully discussed it with my attorney. I understand my Speedy Trial rights. I voluntarily agree to the continuance of the trial date and give up my right to be brought to trial earlier than February 18, 2025.

*[signature]*                                9-20-24

ROBERT BOMAN                                 Date
Defendant