E. MARTIN ESTRADA
United States Attorney
DAVID T. RYAN
Assistant United States Attorney
Chief, National Security Division
KATHRYNNE N. SEIDEN (Cal. Bar No. 310902)
Assistant United States Attorney
Deputy Chief, Terrorism and Export Crimes Section
ANNA P. BOYLAN (Cal. Bar No. 322791)
Assistant United States Attorney
Terrorism and Export Crimes Section
     1500 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-0631/2170
     Facsimile: (213) 894-0141
     E-mail:    kathrynne.seiden@usdoj.gov
                anna.boylan@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 2:18-759(A)-JLS-2 |
|---|---|
| Plaintiff, | GOVERNMENT'S MOTION IN LIMINE NO. 5 TO ADMIT INTO EVIDENCE RECORDS PURSUANT TO FEDERAL RULE OF EVIDENCE 902(11) AND AUTHENTICATE RECORDS PURSUANT TO FEDERAL RULE OF EVIDENCE 902(13); EXHIBITS |
| v. | |
| ROBERT BOMAN, | |
| Defendant. | |
|  | Hearing Date: February 7, 2025<br>Hearing Time: 9:30 a.m.<br>Location:     Courtroom of the Hon. Josephine L. Staton |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Kathrynne N. Seiden and Anna P. Boylan, hereby files its motion in limine number 5 to admit into evidence records, pursuant to Federal Rules of Evidence

902(11), and to authenticate records, pursuant to Federal Rules of Evidence 902(13).

The government has produced this evidence to defense counsel as part of its discovery obligations and gave notice to counsel of its intention to introduce such evidence at trial. Counsel for the parties have met-and-conferred on this issue. Defense counsel indicated that he would oppose this Motion.

This motion is based upon the attached memorandum of points and authorities, the exhibits attached hereto, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: January 7, 2025          Respectfully submitted,

                                E. MARTIN ESTRADA
                                United States Attorney

                                DAVID T. RYAN
                                Assistant United States Attorney
                                Chief, National Security Division


                                */s/ Anna Boylan*
                                ANNA P. BOYLAN
                                KATHRYNNE N. SEIDEN
                                Assistant United States Attorneys

                                Attorneys for Plaintiff
                                UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.  INTRODUCTION**

Defendant Robert Boman ("defendant") is scheduled to begin trial on February 18, 2025, for violations of 18 U.S.C. § 2101 (rioting) and § 371 (conspiracy to riot).  The government seeks to authenticate and admit certain records at trial pursuant to the self-authentication provisions of Federal Rules of Evidence 902(11), 902(13), and 803(6).  The government provided telephonic notice to defendant's counsel, and herein provides written notice, of its intention to introduce these records and, because they fall squarely within Rule 902(11), (13), they are admissible based on the certifications, without the need for the government to call custodians of records to authenticate them.

**II.  ARGUMENT**

Self-authenticating business records are admissible at trial under Rules 902 and 803.  Federal Rule of Evidence 902(11) permits the admission of self-authenticating business records.  Specifically, the Rule dictates that certified domestic records of a regularly conducted activity "are self-authenticating" and therefore "require no extrinsic evidence of authenticity in order to be admitted." Fed. R. Evid. 902.  To qualify under subsection (11) of the Rule, the records in question must be "[t]he original or a copy of a domestic record that meets the requirements of Rule 803(6)(A)-(C), as shown by a certification of the custodian or another qualified person." Fed. R. Evid. 902(11).  The Rule also requires that the proponent of such evidence provide an adverse party, prior to trial, with "reasonable written notice of the intent to offer the record -- and must make the

record and certification available for inspection -- so that the party has a fair opportunity to challenge them." Id.

Under Rule 803(6)(A)-(C), a "[r]ecord of a regularly conducted activity" is admissible if: (A) "the record was made at or near the time by -- or from information transmitted by -- someone with knowledge"; (B) "the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit"; and (C) making the record was a regular practice of the activity." Fed. R. Evid. 806(A)-(C). Moreover, admitting business records under Rule 902(11) without testimony from a custodian of records does not violate a defendant's right to confront witnesses because business records are not testimonial in nature. See Bullcoming v. New Mexico, 564 U.S. 647, 659 n.6 (2011) ("Elaborating on the purpose for which a 'testimonial report' is created, we observed in [Melendez-Diaz v. Massachusetts, 557 U.S. 305 (2009)] that business and public records 'are generally admissible absent confrontation . . . because -- having been created for the administration of an entity's affairs and not for the purpose of establishing or proving some fact at trial -- they are not testimonial.'" (quoting Melendez-Diaz, 557 U.S. at 324)).

Here, the government has produced business records from the custodians of records (or other qualified persons) of various businesses, including GAB, Facebook, Instagram, Twitter (now known as X), and T-Mobile. The government has also produced declarations from the respective custodians of records (or other qualified persons)

2

from these companies.[1] In addition, on December 19, 2024, the government gave verbal notice to defendant's counsel, and this filing constitutes written notice, of the government's intent to authenticate and admit the below-referenced business records under Federal Rule of Evidence 902(11):[2]

| Attached Exhibit | Entity | Document(s) to Be Admitted and Bates Number(s) and Date of Production | Bates Number(s) of Custodian Declarations and Date of Production |
|---|---|---|---|
| A | Facebook, Inc.[3] | Facebook account (identification number 100013740917908) "robedkuchbom1" with display name "rob bie" attributed to Robert Boman (BOMAN_00000127)<br><br>**Produced on January 7, 2025** | BOMAN_00000128<br><br>**Produced on January 7, 2025** |
| B | Facebook, Inc.[4] | Instagram account (identification number 4931962208) DIY_Division (BOMAN_00000129)<br><br>**Produced on January 7, 2025** | BOMAN_00000130<br><br>**Produced on January 7, 2025** |

---

[1] The business records and respective declarations have been previously produced to defendant's counsel between February 2019 and September 2024. For the convenience of defendant's counsel to consolidate the hundreds of thousands of previously produced documents, the government is reproducing these records and declarations to defendant's counsel on January 7, 2025.

[2] The government reserves the right to provide further notice of other entities and accounts from which it intends to introduce business records pursuant to Rule 902.

[3] At the time, these records were owned by Facebook, Inc., which has been subsequently purchased by Meta Platforms, Inc.

[4] Similarly, Instagram was previously owned by Facebook, Inc., and is now owned by Meta Platforms, Inc.

3

| Attached Exhibit | Entity | Document(s) to Be Admitted and Bates Number(s) and Date of Production | Bates Number(s) of Custodian Declarations and Date of Production |
|---|---|---|---|
| C | GAB AI Inc. | GAB Account for RiseAboveMovement (BOMAN_00000131)<br><br>**Produced on January 7, 2025** | BOMAN_00000132-BOMAN_00000133<br><br>**Produced on January 7, 2025** |
| D | T-Mobile US, Inc. (Metro PCS) | T-Mobile telephone numbers attributed to Robert Boman (BOMAN_00000134)<br><br>**Produced on January 7, 2025** | BOMAN_00000135<br><br>**Produced on January 7, 2025** |
| E | Twitter[5] | Twitter account number 874718750947164160 with display name "Rise-_Above_MVNT" (BOMAN_00000136)<br><br>**Produced on January 7, 2025** | BOMAN_00000137-BOMAN_00000140<br><br>**Produced on January 7, 2025** |

Certification under Rule 902(11) obviates the need for the government to authenticate business records at trial and permits the records to be admitted as business records under Federal Rule of Evidence 803(6). See Fed. Rs. Evid. 902(11); 803(6). Thus, in order to admit the above-referenced business records as exhibits at trial, the government should not need to call the custodians of records for

---

[5] Twitter changed its name to X, Corp. in 2023.

4

these businesses to testify.  These business and public records should be admissible based on the certifications.  Accordingly, these records should be admitted at trial, subject to sustained objections pursuant to Rules 401 and 403.

Furthermore, the above-mentioned electronic records are also self-authenticating under Rule 902(13).  Federal Rule of Evidence 902(13) provides that records generated by an electronic process or system are similarly self-authenticating if a certification complying with Rule 902(11) has been provided and the notice requirements of 902(11) have been satisfied.  Fed. R. Evid. 902(13).  Rule 902(13) sets forth a similar procedure for records generated by an electronic process or system that produces accurate rules, like the dates and times the user of a social media account accessed the Instagram account, as seen in the access history here provided by the custodian of Facebook, Inc. (the former owner of Instagram).  Here, the above-mentioned records from GAB, Facebook, Instagram, and Twitter were generated by an electronic process or system.  As noted above, on December 19, 2024, the government gave verbal notice to defendant's counsel, and this filing constitutes written notice, of the government's intent to authenticate and admit the below-referenced electronic records under Federal Rule of Evidence 902(13).  Since the business records certification complies with Rule 902(11) and notice was properly provided, witness testimony should not be required to authenticate the above-mentioned GAB, Facebook, Instagram, and Twitter records.  Fed. R. Evid. 902(13).  At trial, the government intends to establish that these documents are admissible under Rule 801(d)(1).

**III. CONCLUSION**

For the foregoing reasons, the government respectfully requests that this Court issue an order that the documents subject to this motion are self-authenticating, meaning they do not require extrinsic evidence of authenticity in order to be admitted.  The government seeks an order that it has satisfied the authenticity and foundational requirements for admission of these documents without calling any witnesses.  In addition, the government seeks an order that the documents obtained from GAB, Facebook, Instagram, Twitter, and T-Mobile will be admitted at trial subject only to objections under Federal Rule of Evidence 401 (relevance) and 403 (undue prejudice).